UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHAWN CARTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRUCE DAVIS,<br><br>　　　　Respondent. | Civil Action<br>No. 22-7292 (CPO)<br><br>**OPINION & ORDER** |

**O'HEARN, District Judge.**

　　This matter comes before the Court by way of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  The Court has reviewed the parties' submissions and concludes that Petitioner has failed to exhaust some of his claims in state court.

　　The Antiterrorism and Effective Death Penalty Act ("AEDPA") prohibits district courts from granting habeas relief under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  In order to exhaust state remedies, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002) (quoting *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002)).  A claim is "fairly presented" when a petitioner presents the claim at all available levels of the state judicial system.  *See Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012).  A petitioner fails to exhaust if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Stevens*, 295 F.3d at 369.  This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'"  *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).  Moreover, the exhaustion doctrine is a "total" exhaustion rule.  As explained in *Rhines v. Weber*, 544 U.S. 269, 273 (2005), district courts may not adjudicate mixed

petitions. Stated differently, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

With those principles in mind, the instant Petition is a mixed petition. Respondent alleges that Petitioner failed to exhaust Grounds Three, Four, Five, and Six, of the instant Petition, which correspond with Points Three, Four, Five, and Six, of Petitioner's brief on direct appeal. (*Compare* ECF No. 1, at 9–13, *with*, ECF No. 5-21, at 2–3.) The Court has reviewed Petitioner's state court filings, and it appears that he had raised Grounds Three, Four, Five, and Six, in his direct appeal to the Superior Court of New Jersey, Appellate Division, but did not raise those Grounds in his petition for certification, on direct appeal, to the Supreme Court of New Jersey. (*Compare* ECF No. 5-21 (counseled brief on direct appeal), *with* ECF No. 5-31 (counseled petition for certification).) In his Reply, Petitioner did not meaningfully dispute this chain of events, and merely concluded that "[a]ll issues . . . were exhausted." (ECF No. 9, at 2.) Consequently, as Petitioner has not presented Grounds Three, Four, Five, and Six, to all three levels of the state courts, Petitioner has failed to exhaust these claims.

Accordingly, the Petition is a mixed petition containing both exhausted and unexhausted claims. Federal district courts may not adjudicate mixed petitions, and instead have four options: "(1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits." *Barr v. Warden of N.J. State Prison*, No. 15-5797, 2016 WL 589675, at *4 (D.N.J. Feb. 11, 2016); *see also Mahoney v. Bostel*, 366 F. App'x 368, 371 (3d Cir. 2010).

The Court recognizes that if it were to dismiss the Petition without prejudice, there is a chance that the state courts could dismiss any additional appeals as untimely or procedurally barred. Additionally, if the filings are untimely, it would not toll the AEDPA statute of limitations.

*Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999).  Nor did the instant Petition toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

For these reasons, the Court shall provide Petitioner with an opportunity to (1) file a letter stating that he wishes to dismiss his unexhausted claims and proceed only on his exhausted claims, or (2) file a motion to stay while he pursues his unexhausted claims in state court.[1]  *Britton v.*

---

[1] The Court declines to exercise option four, to potentially deny Grounds Three, Four, Five, and Six, on the merits under 28 U.S.C. § 2254(b)(2), as Respondent raises the affirmative defense that these claims are procedurally defaulted.

"The procedural default doctrine is an important corollary to the exhaustion requirement, which requires state prisoners to exhaust available state remedies before presenting a claim to a federal habeas court." *See, e.g.*, *Fowlkes v. Att'y Gen. of New Jersey*, No. 21-7734, 2021 WL 4129489, at *2 (D.N.J. Sept. 10, 2021) (citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).  Among other scenarios, the procedural default doctrine bars federal habeas claims when a prisoner fails to exhaust and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Procedural default is an affirmative defense and the "state ordinarily is required to assert a procedural default in its answer if it intends to rely on that defense." *Szuchon v. Lehman*, 273 F.3d 299, 321 (3d Cir. 2001).  Under certain circumstances, however, a district court may raise the issue *sua sponte*. *See, e.g.*, *Sweger v. Chesney*, 294 F.3d 506, 521 (3d Cir. 2002) ("[W]ith respect to the *sua sponte* consideration of nonexhaustion . . . the values of comity, federalism, judicial efficiency, and the "ends of justice" must be weighed in determining whether to consider the default.").

This procedural bar applies only when the state rule is "independent of the federal question [presented] and adequate to support the judgment." *Leyva v. Williams*, 504 F.3d 357, 365–66 (3d Cir. 2007); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).  Federal courts may not consider the merits of procedurally defaulted claims unless (1) the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law; or (2) the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Leyva*, 504 F.3d at 366; *see also Coleman*, 501 U.S. at 750.

In this case, it may now be too late for Petitioner to present his unexhausted claims to the Supreme Court of New Jersey.  While this Court believes that it is unlikely that the Supreme Court of New Jersey would consider the merits of his unexhausted claims at this time, in the absence of additional rulings from that court, this Court is unable to definitively conclude that all of these claims are procedurally barred. *Mathis v. Att'y Gen. of New Jersey*, 732 F. App'x 138, 142 (3d Cir. 2018) (quoting *Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993)) ("'[W]e will not presume how the state courts would rule on' procedural default and, rather than dismissing with prejudice on that ground, will merely 'dismiss[ ] . . . without prejudice for failure to exhaust state remedies.'").

*Lanigan*, No. 17-3701, 2019 WL 928415, at *1 (D.N.J. Feb. 26, 2019). If Petitioner fails to file any such motion or letter, the Court may dismiss the Petition as a mixed petition. Accordingly,

**IT IS**, on this 23rd day of August 2023,

**ORDERED** that within forty-five (45) days from the date of this Order, Petitioner shall file:

(a) A written submission stating that he wants to dismiss his unexhausted claims, Grounds Three, Four, Five, and Six, and proceed with the remainder of his § 2254 Petition as filed;

**OR**

(b) A motion to stay the *entire* Petition, so he can pursue the unexhausted claims in state court. To merit such a stay, he must establish in his submission: (i) that he has good cause for his failure to raise the additional claims before; (ii) that the additional claims have factual and legal merit; and (iii) that he is not engaging in intentional dilatory litigation tactics.

If Petitioner seeks a stay under option (b), but the Court denies that motion, the Court will assume that he wishes to choose option (a) as his back-up option, unless he states otherwise; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter, pending receipt of Petitioner's submission; and it is further

**ORDERED** that if Petitioner files no submission within forty-five (45) days, the Court may dismiss the Petition without prejudice as a mixed petition; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

4